FILED

ROBERT ANDERSON
8612 BEL AIR STREET
BUENA PARK, CA 90620
714-201-2014
NO FAX
NO EMAIL
IN PRO PER

2017 OCT 18 PM 3:15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MTGLQ INVESTORS, LP<br>PLAINTIFF,<br>VS.<br>MANUEL C. ROXAS, AND DOES 1-100, INCLUSIVE<br>DEFENDANT, | Case No.: SACV 17-1826 JVS (DFMx)<br><br>**NOTICE OF REMOVAL UNDER [28 USC 1332, 1391, 1441, 1446 (6)] Calif. CCP 430.90]**<br><br>**From The SUPERIOR COURT OF CALIFORNIA Case No. 30-2017-00936906-CL-UD-NJC** |

IFP

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, ROBERT ANDERSON is a party in a California State Court filed in Orange County Superior Court, concerning real property located at 8612 BEL AIR STREET, BUENA PARK, CA 90620 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

MERRITT LAW, INC., DBA MLG OF CA
TYNEIA G. MERRITT, ESQ.
3237 E. GUASTI ROAD, SUITE 230
ONTARIO, CA 91761
TEL.: 909-476-0651

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale subject to the

rights of the existing bonafide tenants. The tenancy is protected by federal law.

b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on more 60 days' notice of termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit. Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana*

*Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); ***Empire Healthcare Assurance v. McVeigh*** 547 US 677, 689-690 (2006); ***Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.*** 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior , and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if

(1) the federal issues are essential to the claims,

(2) there is a substantial federal issues in resolving such issues, and

(3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. ***Grable & Sons Metal Prods v. Darue Eng.r & Mfg.*** 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [***Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality*** 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. ***Merrill Dow Pharms. Inv v. Thompson*** 478 US 804,

817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. *The four criteria of Cort V. Ash* 422 US 66 (1975) are satisfied:

a. Defendant Edgar Avilez is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc 500* Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.

c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the filed and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the

mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, ROBERT ANDERSON is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court,

after which jurisdiction will again attach as described in that statue.

Date: October 18, 2017

Robert Anderson

ROBERT ANDERSON, IN PRO PER

# Exhibit "A"

ROBERT ANDERSON
8612 BEL AIR STREET
BUENA PARK, CA 90620
714-201-2014
NO FAX
NO EMAIL
IN PRO PER

**SUPERIOR COURT, STATE OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**

MTGLQ INVESTORS, LP

PLAINTIFF,

VS.

MAUEL C. ROXAS, AND DOES 1-100, INCLUSIVE

DEFENDANT,

Case No.: 30-2017-00936906-CL-UD-NJC

**DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL TO FEDERAL COURT**

TO: THE CLERK OF THE ABOVE-ENTILED COURT, AND COUNSEL OF RECORD PLEASE TAKE NOTICE that defendant, ROBERT ANDERSON, today filed in the office of clerk of the United States District court for the Southern District of California, a Notice and Petition removing the above-captioned pending action to The United States District Court.

**FEDERAL CASE#** ______________________________

Pursuant to 28 U.S.C. 1446(d), the filing of The Petition for Removal with the clerk of the District Court together with giving of this notice **"shall effect the removal and The State Court shall proceed no further unless and until the case is remanded"** by the United States Court for The Southern District of California.

Date: October 18, 2017

Robert Anderson
ROBERT ANDERSON, In Pro Per

**CERTIFICATE OF SERVICE BY MAIL**

The undersigned hereby certifies that on 10/18/2017, he served a copy of:

**NOTICE OF REMOVAL**

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and addresses shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Buena Park, California.

MERRITT LAW, INC., DBA MLG OF CA
TYNEIA G. MERRITT, ESQ.
3237 E. GUASTI ROAD, SUITE 230
ONTARIO, CA 91761

Daniela Fernandez

SUM-130

# SUMMONS
## (CITACION JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**08/10/2017** at 12:33:00 PM
Clerk of the Superior Court
By Vicky Huang,Deputy Clerk

**NOTICE TO DEFENDANT:** Manuel C Roxas,
***(AVISO AL DEMANDADO):*** and DOES 1-100, Inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** MTGLQ Investors, LP

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA
*(El nombre y dirección de la corte es):* COUNTY OF ORANGE, NORTH JUSTICE CENTER, 1275 NO. BERKELEY AVE., FULLERTON, CA 92832-1258

CASE NUMBER: *(Número del caso):* 30-2017-00936906-CL-UD-NJC

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
TYNEIA G. MERRITT, Esq. (SBN 235750) 3237 E. GUASTI ROAD, SUITE 230
MERRITT LAW, INC., dba MLG OF CA (909) 476-0651 ONTARIO, CA 91761

3. *(Must be answered in all cases)* An **unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415)** ☒ **did not** ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received **any** help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)*

Date: *(Fecha)* 08/10/2017 DAVID H. YAMASAKI, Clerk of the Court Clerk, by *(Secretario)* ______________________, Deputy *(Adjunto)*

Vicky Huang

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

4. **NOTICE TO THE PERSON SERVED:** You are served
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ as an occupant
   d. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ CCP 415.46 (occupant) ☐ other *(specify)*:
5. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

| PLAINTIFF *(Name):* MTGLQ Investors, LP<br>DEFENDANT *(Name):* Manuel C Roxas, et al | CASE NUMBER: |
|---|---|

6. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*
   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:
   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:



American LegalNet, Inc.
www.FormsWorkflow.com

TYNEIA G. MERRITT, ESQ., (SBN 235750)
MERRITT LAW, INC., dba MLG of CA
3237 E. GUASTI ROAD, SUITE 230
ONTARIO, CA 91761
Telephone: (909) 476-0651
Facsimile: (909) 476-7029
Email: legal@mlawinc.com

Attorney for Plaintiff, MTGLQ Investors, LP

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**08/10/2017** at 12:33:00 PM
Clerk of the Superior Court
By Vicky Huang,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE - NORTH JUSTICE CENTER

MTGLQ Investors, LP

Plaintiff,

vs.

Manuel C Roxas,
and DOES 1-100, Inclusive

Defendants.

Case No.: 30-2017-00936906-CL-UD-NJC

COMPLAINT FOR UNLAWFUL DETAINER

LIMITED CIVIL JURISDICTION

**ACTION BASED ON CCP §1161a**

AMOUNT DEMANDED DOES NOT EXCEED $10,000

Property Address: 8612 Bel Air Street, Buena Park, CA 90620; APN No. 070-541-10

Plaintiff, MTGLQ Investors, LP ("MTGLQ Investors, LP") alleges as follows:

1. Plaintiff is entitled to possession of, and is the owner of record of a parcel of real property located at 8612 Bel Air Street, Buena Park, CA 90620; APN No. 070-541-10 (the "Property"). Said Property is located within the above-referenced Judicial District and County.

2. Defendant(s) at all times herein mentioned resided in the State of California, County of ORANGE.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant(s) named herein as Does 1-100, inclusive, and each of them, are unknown to Plaintiff and therefore, plaintiff sues these Defendant(s) under California Code of Civil Procedure 474, and prays leave to amend this Complaint to insert their true names and capacities when ascertained. These defendants will be served pursuant to California Code of Civil Procedure §415.46.

4. Possession of the Property is sought pursuant to California Code of Civil Procedure § 1161a.

5. Plaintiff, MTGLQ Investors, LP, obtained title to the Property and right to possession by its purchase at a Trustee's Sale held on March 20, 2017. The particulars are as follows:

   a. Defendant(s), Manuel C Roxas, executed as Trustor(s) a Deed of Trust, with power of sale, recorded on or about April 9, 2007 in the Official Records of ORANGE County, California as Instrument Number 2007000226585, which Deed of Trust encumbered the Property.

   b. Under the power of sale contained in the Deed of Trust, and pursuant to the foreclosure and sale of the Property, the Property was sold in compliance with California Civil Code section 2924.

6. Plaintiff's legal title to the Property was perfected by the recording of the Trustee's Deed Upon Sale with the ORANGE County Recorder's Office. A copy of the Trustee's Deed Upon Sale is attached as Exhibit "A" and incorporated by reference.

7. Defendant(s) is the former trustor of the Deed of Trust or a holdover occupant of the former trustor.

8. Plaintiff is informed, believes, and thereon alleges that Defendant(s) Manuel C Roxas, and Does 1 through 100 remain in possession of the Property.

9. On or about April 29, 2017, Plaintiff caused to be served on Defendant(s) and "All Occupants in Possession" of the Property with a written NOTICE TO QUIT ( 3 days) and NOTICE TO VACATE (90 days) pursuant to California Code of Civil Procedure §1162.

10. A copy of the NOTICE TO QUIT is attached hereto respectively as Exhibit "B" and incorporated by reference.

11. A copy of the NOTICE TO VACATE is attached hereto respectively as Exhibit "C" and incorporated by reference.

12. A copy of the Proof of Service of the NOTICE TO QUIT and NOTICE TO VACATE is attached hereto as Exhibit "D" and incorporated by reference.

13. On or about April 29, 2017, Plaintiff caused to be served on Defendant(s) and Does 1 through 100 a written NOTICE TO ANY RENTERS pursuant to California Code of Civil Procedure §1161(c).

14. A copy of the Notice to Any Renters is attached as Exhibit "E."

15. A copy of the Proof of Service of the Notice to Any Renters is attached hereto as Exhibit "D" and incorporated by reference.

16. On or about April 29, 2017, Plaintiff caused to be served on Defendant(s) and "All Occupants in Possession" of the Property with a written Notice of Change of Ownership and 5 Language Notice pursuant to California Code of Civil Procedure section 1162.

17. A copy of the Notice of Change of Ownership is attached herewith and incorporated by reference as Exhibit "F".

18. A copy of the 5 Language Notice is attached herewith and incorporated by reference as Exhibit "G".

19. A copy of the Proof of Service of the Notice of Change of Ownership and 5 Language Notice is attached herewith and incorporated by reference as Exhibit "D."

20. The NOTICE TO QUIT and NOTICE TO VACATE required Defendant(s) to vacate and surrender possession of the Property.

21. The NOTICE TO QUIT AND NOTICE TO VACATE expired at midnight on July 28, 2017, and since July 29, 2017, Plaintiff is and has been entitled to immediate possession of the Property.

22. Defendant(s) and each of them have failed and refused to surrender possession of the Property within or since the NOTICE TO QUIT AND NOTICE TO VACATE period, and continue in possession of the Property without Plaintiff's consent.

23. Plaintiff demands possession of the Property.

24. Plaintiff is informed, believes, and thereon alleges that the reasonable value of the Property is $50.00 per day, and that damages to the Plaintiff proximately caused by Defendant(s)' unlawful detention of the Property have accrued since July 29, 2017, and will continue to accrue at that rate so long as Defendant(s) remain in possession of the Property.

25. Plaintiff hereby requests that this court take judicial notice of a certified copy of the Trustee's Deed Upon Sale at the time of trial.

26. Plaintiff accepts the jurisdictional limit, if any, of this Court.

WHEREFORE, Plaintiff prays and requests judgment as follows:

1. For possession of the Property;
2. For damages for the unlawful detention of the Property at the rate of $50.00 per day from July 29, 2017, until entry of judgment.
3. For costs of suit.
4. For such other and further relief as the Court deems appropriate.

DATED: 8/7/17

MERRITT LAW, INC. dba MLG of CA

TYNEIA G. MERRITT, ESQ.
Attorney for Plaintiff,
MTGLQ Investors, LP

CP10.5

**NOTICE: EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

CLAIMANT OR CLAIMANT'S ATTORNEY (*Name and Address*): TELEPHONE NO.:

ROBERT ANDERSON
8612 Bel Air Street
Buena Park, CA 90620

ATTORNEY FOR (*Name*): IN PRO PER

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**09/01/2017**
Clerk of the Superior Court
By Lourdes Mora, Deputy Clerk

**NAME OF COURT:** SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE
STREET ADDRESS: 1275 N. BERKELEY AVE.
MAILING ADDRESS: 1275 N. BERKELEY AVE.
CITY AND ZIP CODE: FULLERTON,CA 92838
BRANCH NAME: NORTH JUSTICE CENTER

Plaintiff: MTGLQ INVESTORS, LP
Defendant: MANUEL C. ROXAS, AND DOES 1-100, INCLUSIVE

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**

CASE NUMBER: 37-2017-00936906-CL-UD-NJC

**Complete this form only if ALL of these statements are true:**
**1. You are NOT named in the accompanying Summons and Complaint.**
**2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)**
**3. You still occupy the subject premises.**

*(To be completed by the process server)*
DATE OF SERVICE:
*(Date that form is served or delivered, posted, and mailed by the officer or process server)*

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify)*: ROBERT ANDERSON
2. I reside at *(street address, unit no., city and ZIP code)*:

   8612 Bel Air Street
   Buena Park, CA 90620
3. The address of "the premises" subject to this claim is *(address)*:

   8612 Bel Air Street Buena Park, CA 90620
4. On *(insert date)*: 08/10/2017, the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is in the accompanying Summons and Complaint.)*
5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.
6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.
7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.
8. I was not named in the Summons and Complaint.
9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.
10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $ 225.00 or file with the court an "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5

| Plaintiff: MTGLQ INVESTORS, LP<br>Defendant: MANUEL C. ROXAS, AND DOES 1-100, INCLUSIVE | CASE NUMBER:<br>37-2017-00936906-CL-UD-NJC |
|---|---|

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

**NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you):*
   a. [ ] an oral or written rental agreement with the landlord.
   b. [✓] an oral or written rental agreement with a person other than the landlord.
   c. [ ] an oral or written rental agreement with the former owner who lost the property to foreclosure.
   d. [ ] other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

WARNING: Perjury is a felony punishable by imprisonment in the state prison.

Date: 09/01/2017

ROBERT ANDERSON
(TYPE OR PRINT NAME)

▶ Robert Anderson
(SIGNATURE OF CLAIMANT)

**NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

## — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. **You are NOT named in the accompanying Summons and Complaint.**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
3. **You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*



For your protection and privacy, please press the Clear